## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Norberto Casanova,

                    Plaintiff,

v.

Andrew Saul, Commissioner of Social
Security,

                    Defendant.

Civil No. 3:19-cv-00886-TOF

August 14, 2020

### RULING ON PENDING MOTIONS

       The Plaintiff, Norberto Casanova, appeals the final decision of the Defendant, Andrew

Saul, Commissioner of Social Security ("the Commissioner"), on his application for Title XVI

Supplemental Security Income benefits.  This appeal is brought pursuant to 42 U.S.C. § 405(g).

Currently pending are the Plaintiff's motion to reverse and remand for an award and calculation

of benefits, or in the alternative, for an order reversing and remanding for a new hearing (ECF No.

15), along with the Commissioner's motion for entry of judgment under sentence four of § 42

U.S.C. 405(g), with an order reversing and remanding for a new hearing.  (ECF No. 22.)  For the

reasons explained below, the Plaintiff's motion to reverse with an order for an award and

calculation of benefits is **DENIED**, but his alternative motion to reverse and remand for a new

hearing is **GRANTED**.  The Commissioner's motion for entry of judgment is **DENIED**.  The

Commissioner's decision is **VACATED** and **REMANDED** for further proceedings consistent

with this decision.

       The parties agree that the Administrative Law Judge ("ALJ") committed legal error.

Specifically, they agree that ALJ erred in failing to obtain opinion evidence from a medical expert,

despite being explicitly ordered to do so by the Appeals Council.  (ECF No. 15-1, at 2; ECF No. 22-1, at 2.)  Where they differ, however, is in the remedy.  The Plaintiff argues that there is "persuasive proof" of disability; that "remand for further evidentiary proceedings" would therefore "serve no useful purpose;" and that the Court should accordingly remand the case solely for a calculation of benefits.  (ECF No. 15, at 24.)  The Commissioner argues that remand for further development of the record is required.

The Court agrees with the parties that the ALJ committed legal error by not obtaining evidence from a medical expert.  Yet the Court does not agree with the Plaintiff that the record contains "persuasive proof" of disability – and, by extrapolation, it does not agree that remand for calculation of benefits is the appropriate remedy.  The Court will therefore remand the case for rehearing, as discussed more fully in Section IV below.  In recognition of the fact that almost seven years have elapsed since the Plaintiff applied for benefits, the Court will enter further orders to ensure prompt adjudication of this claim on remand.  *See* Section IV, *infra*.

## I.    APPLICABLE LEGAL PRINCIPLES

To be considered disabled under the Social Security Act, "a claimant must establish an 'inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months.'"  *Smith v. Berryhill*, 740 F. App'x 721, 722 (2d Cir. 2018) (summary order) (quoting 20 C.F.R. § 404.1505(a)).  To determine whether a claimant is disabled, the ALJ follows a familiar five-step evaluation process.

At Step One, the ALJ determines "whether the claimant is currently engaged in substantial gainful activity . . . ." *McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (citing *Burgess v. Astrue*, 537 F.3d 117, 120 (2d Cir. 2008)).  At Step Two, the ALJ analyzes "whether the claimant

has a severe impairment or combination of impairments . . . ." *Id.* At Step Three, the ALJ evaluates whether the claimant's disability "meets or equals the severity" of one of the specified impairments listed in the regulations. *Id.* At Step Four, the ALJ uses a "residual functional capacity" assessment to determine whether the claimant can perform any of her "past relevant work . . . ." *Id*. At Step Five, the ALJ assesses "whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience." *Id.* The claimant bears the burden of proving her case at Steps One through Four. *Id.* At Step Five, "the burden shift[s] to the Commissioner to show there is other work that [the claimant] can perform." *Brault v. Soc. Sec. Admin., Comm'r,* 683 F.3d 443, 445 (2d Cir. 2012) (per curiam).

The Court's role is to determine whether the Commissioner's decision is supported by substantial evidence and free from legal error. "A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation marks omitted). The decision is supported by substantial evidence if a "reasonable mind" could look at the record and make the same determination as the Commissioner. *See Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . .") (internal citations omitted). Though the standard is deferential, "[s]ubstantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotation marks and citations omitted). When the decision is supported by substantial evidence, the Court defers to the Commissioner's judgment. "Where the

3

Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

The Commissioner's conclusions of law are not entitled to the same deference. The Court does not defer to the Commissioner's decision "[w]here an error of law has been made that might have affected the disposition of the case." *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004) (internal quotation marks omitted). "Even if the Commissioner's decision is supported by substantial evidence, legal error alone can be enough to overturn the ALJ's decision." *Ellington v. Astrue*, 641 F. Supp. 2d 322, 328 (S.D.N.Y. 2009) (citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

If a decision is reversed because it contains legal error or is not supported by substantial evidence, the Court may "either remand for a new hearing or remand for the limited purpose of calculating benefits." *Henningsen v. Comm'r of Soc. Sec. Admin.*, 111 F. Supp. 3d 250, 263 (E.D.N.Y. 2015) (internal quotation marks omitted); *see also Tejada v. Apfel*, 167 F.3d 770, 776 (2d Cir. 1999) (remanding for rehearing but directing Commissioner "to calculate and dispense SSI benefits" if he could not bear his burden at Step Five). Remand for calculation of benefits is not appropriate when the record requires further development. "In deciding whether a remand is the proper remedy, we have stated that where the administrative record contains gaps, remand to the Commissioner for further development of the evidence is appropriate." *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2004), *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005). To award benefits, a district court must find that, irrespective of the legal error, the record contains "persuasive proof" of the claimant's disability and "a remand for further evidentiary proceedings would serve no purpose." *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980). A record contains

"persuasive proof" of disability when there is "no apparent basis to conclude" that additional evidence "might support the Commissioner's decision." *Rosa v. Callahan,* 168 F.3d 72, 83 (2d Cir. 1999).

## II.    BACKGROUND

### a.  Facts and Procedural History

On December 11, 2013, the Plaintiff submitted concurrent applications for Supplemental Security Income ("SSI") and Social Security Disability Insurance ("SSDI").  (R. 183-95.)  He alleged a disability onset date of December 30, 2002.  (R. 183, 187.)  The Plaintiff later withdrew his SSDI application and amended his onset date to November 15, 2013.  (R. 297.)  He initially alleged that he was disabled due to a combination of physical and mental conditions, including depression, diabetes, and glaucoma.  (R. 99.)  He later expanded this list to include borderline cognitive impairment (R. 297), degenerative disc disease, dizziness and vertigo, hypertension and right coronary artery ischemia, sleep apnea, plantar fasciitis, degenerative changes to the knees, and a right shoulder impairment.  (R. 1276-78.)  The Social Security Administration denied his application and a subsequent request for reconsideration.  (R. 123, 131.)  He then requested a hearing before an ALJ.  (R. 134.)

The Plaintiff had his first hearing on February 6, 2016 before ALJ Ryan Alger, and it resulted in an unfavorable decision.  (R. 23-49.)  The Plaintiff appealed the decision to the Appeals Council, and eventually to the District Court, *Casanova v. Berryhill*, Docket No. 3:17-CV-1302 (MPS).  (R. 1339-43.)  The Commissioner agreed to a voluntary remand for further development of the record.  (R. 1341.)  Upon receipt of the District Court remand, the Appeals Council ordered that the ALJ:

> Further evaluate the claimant's mental impairments in accordance with the special technique described in 20 CFR 416.920a, documenting application of the technique

5

in the decision by providing specific findings and appropriate rationale for each of
the functional areas described in 20 CFR 416.920a(c).  In doing so, obtain evidence
from a medical expert related to the nature and severity of and functional limitations
resulting from the claimant's mental impairments (20 CFR 416.913a(b)(2)).

(R. 1351.)

ALJ Alger held a second hearing on March 5, 2019.  (R. 1299-1310.)  The ALJ did not

obtain evidence from a medical expert related to the Plaintiff's functional limitations, but instead

concluded that the Appeals Council's directive had been satisfied by an opinion from the Plaintiff's

treating nurse, Julio Duran.  (R. 1287 n.3.)  The second hearing also resulted in an unfavorable

decision.  (R. 1267-98.)  The Plaintiff timely appealed to this Court.  He filed his motion to reverse

and/or remand on November 4, 2019.  (ECF No. 15.)  The Commissioner filed his motion for entry

of judgment on the pleadings pursuant to sentence four of 42 U.S.C. § 405(g) and for remand on

March 5, 2020.   (ECF No. 22.)   The Plaintiff filed a memorandum in opposition to the

Commissioner's motion on March 6, 2020, and the Commissioner replied on March 16, 2020.

(ECF Nos. 23, 24.)

Portions of the Plaintiff's medical history will be set forth below, as necessary to explain

the Court's decision.

### b.   The ALJ's Decision

At Step One, the ALJ found that the claimant has not engaged in substantial gainful activity

since the application date of November 15, 2013.  (R. 1275.)  At Step Two, the ALJ found that the

Plaintiff suffered from the severe impairments of diabetes, depression and borderline intellectual

functioning.  (*Id*.)  At Step Three, the ALJ found that the Plaintiff's impairments or combination

of impairments do not meet or equal a listed disability enumerated in 20 C.F.R. 404, Subpart P,

App. 1.  (R. 1278-82.)  Next, the ALJ determined that the Plaintiff retained the following residual

functional capacity:

> [T]o perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except that the claimant could carry out and remember simple instructions in a workplace with few changes.  The claimant could handle only occasional interactions with co-workers and occasional interaction with the public.

(R. 1282, 1282-89.)

At Step Four, the ALJ Found that the Plaintiff had no past relevant work.  (R. 1289.)

Finally, at Step Five, the ALJ relied on the testimony of a vocational expert to find that there are

jobs that exist in the national economy that the Plaintiff can perform, including hand packager,

machine packager and kitchen helper.  (R. 1290.)  Accordingly, the ALJ determined that the

Plaintiff was not disabled from the alleged onset date of November 15, 2013.  (R. 1290.)

## III.   DISCUSSION

The Plaintiff raises four arguments on appeal.  First, he contends that the ALJ committed

legal error by failing to follow the directives of the Appeals Council and obtain opinion evidence

from a medical expert.  (ECF 15-1, at 2.)  Second, he argues that the ALJ erred in his treatment of

the Plaintiff's IQ testing and in his Step Three analysis of whether Plaintiff meets or equals the

listed disability of an intellectual disorder at 20 C.F.R. 404, Subpart P, App. 1, Part A2, § 12.05B.

(*Id*. at 4-21.)  Third, he alleges that the ALJ failed to find an accurate RFC.  (*Id*. at 21.)  Finally,

he says that the ALJ erred at Step Five by failing to include all of the Plaintiff's impairments in

hypotheticals posed to the vocational expert.  (*Id*. at 22-23.)

The Plaintiff argues that the remedy for these errors is reversal of the Commissioner's

decision and an order directing the calculation and payment of benefits.  (*Id*. at 24.)  In the

alternative, he seeks an order remanding the matter to the Commissioner for rehearing with a new

ALJ.  *Id*.  The Commissioner agrees that the ALJ erred in failing to obtain medical expert

testimony, but he argues that the matter should be remanded for rehearing before a new ALJ rather than for a calculation and award of benefits.  (ECF No. 22-1, at 2-4.)

    For the reasons that follow, the Court denies the Plaintiff's motion to reverse for the calculation of benefits but grants his alternative motion to reverse and remand for a new hearing.

### a.  The ALJ Committed Legal Error by Failing to Comply with the Directives of the Appeals Council

An ALJ commits legal error when she does not comply with remand instructions from the Appeals Council.  20 C.F.R. § 416.1477(b) ("The administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order."); *see also Ellis v. Colvin*, 29 F. Supp. 3d 288, 299 (W.D.N.Y. 2014) ("The failure of an ALJ to abide by the directives in an Appeals Council remand order constitutes legal error requiring remand.").  When this occurs, most courts remand the matter to the Commissioner for rehearing and/or to further develop the record in compliance with the Appeals Council's order(s).  *E.g.*, *Scott v. Barnhart*, 592 F. Supp. 2d 360, 371-72 (W.D.N.Y. 2009) ("The ALJ's failure to comply with the Appeals Council's order constitutes legal error, and necessitates a remand. . . . 'Where there are gaps in the administrative record or the ALJ has applied an improper legal standard,' courts generally remand cases to the Commissioner for the purpose of further developing the evidence.") (quoting *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (internal quotation marks omitted)); *see also Cabibi v. Colvin*, 50 F. Supp. 3d 213, 231 (E.D.N.Y. 2014) (remanding for ALJ's failure to comply with orders by the Appeals Council).

In some circumstances, however, courts reverse the ALJ's decision and remand to the Commissioner solely for the calculation of benefits.  *Ellis*, 29 F. Supp. 3d at 302 (finding that the ALJ "acted arbitrarily and capriciously in flouting the Appeals Council's remand order and declining to call a medical expert" and awarding benefits because the "application of the correct

legal principles to the record could lead" only to the conclusion that the claimant was entitled to benefits) (internal quotations omitted).  An order for payment of benefits is predicated upon a finding that further evidentiary proceedings are not warranted because the record contains "persuasive proof" of the claimant's disability.  *Parker*, 626 F.2d at 235 ("[W]e have reversed and ordered that benefits be paid when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose."); *see also White v. Saul*, 414 F. Supp. 3d 377, 382-85 (W.D.N.Y. 2019) (finding that the ALJ's failure to abide by the Appeals Council's remand instructions was legal error, and ordering the payment of benefits because the record was fully developed and contained "persuasive proof" of the claimant's disability and limitations).

In this case, the Court concludes that the ALJ committed legal error by failing to follow the directives of the Appeals Council and obtain opinion evidence from a medical expert.  Yet the Court also concludes that the record does not contain the requisite "persuasive proof" of disability to order the calculation and payment of benefits, as will be explained below.

### b.  The Record Does Not Contain "Persuasive Proof" that the Claimant Meets or Equals the Requirements of a Listed Impairment at 20 C.F.R. 404, Subpart P, App. 1, Part A2, § 12.05B

At Step Three, when a claimant meets or equals the requirements of a listed disability, she is entitled to an "irrebuttable presumption of disability."  *DeChirico v. Callahan*, 134 F.3d 1177, 1180 (2d Cir. 1998).  To be found presumptively disabled, a claimant's impairment or combination of impairments must meet or equal *each and every* requirement of a listed disability.  *Bolden v. Comm'r of Soc. Sec.*, 556 F. Supp. 2d 152, 162 (E.D.N.Y. 2007) ("In order for a condition to be

considered disabling *per se* under step three, it must satisfy each element set out in the definition of a listed impairment.") (citing *Sullivan v. Zebley,* 493 U.S. 521, 531 (1990)).

A "special technique" is used to determine whether a claimant's mental impairments meet or equal a listing at Step Three.  *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) ("In addition to the five-step analysis . . .  the Commissioner has promulgated additional regulations governing evaluations of the severity of mental impairments.  These regulations require application of a 'special technique' at the second and third steps of the five-step framework, and at each level of administrative review.") (internal citations omitted).   Under the version of the regulation applicable to the Plaintiff's claim, the "special technique" required an assessment of the claimant's functioning in four broad areas: "[u]nderstand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself."   20 C.F.R. § 416.920a(c)(3) (2011).  To make this assessment, an ALJ compares medical evidence about the claimant's mental impairment and her functional limitations with the requirements of a specific listing.  20 C.F.R. § 416.920a(d)(2); *see also Kohler*, 546 F.3d at 266.

In this case, the Plaintiff claims that his impairments meet or equal the "intellectual disorder" listed disability found in 20 C.F.R. 404, Subpart P, App. 1, Part A2, § 12.05B ("Section 12.05B").  (ECF No. 15-1, at 10-21.)  To satisfy Section 12.05B, the Plaintiff must prove three things.  First, he must show "[s]ignificantly subaverage general intellectual functioning evidenced by" a particular IQ test score – specifically, a "full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence," or a full scale score of 71-75 coupled with a verbal or performance score of 70 or below.  Section 12.05B.1.  Second, he must demonstrate "[s]ignificant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two," specific areas of mental functioning explored

through the "special technique": "(a) [u]nderstand, remember or apply information; or (b) [i]nteract with others; or (c) [c]oncentrate, persist, or maintain pace; or (d) [a]dapt or manage oneself." Section 12.05B.2. Third, the evidence must demonstrate or support the conclusion that his disorder began before age 22. Section 12.05B.3.

The Plaintiff contends that the record persuasively proves his satisfaction of all three elements. He argues that he met the first element when he submitted an IQ test with a full-scale score of 70. (ECF No. 15-1, at 11.) He says that he met the second element with evidence of marked limitations in three areas of adaptive functioning. (*Id.* at 11-20.) And although he does not specifically address the third element, the Commissioner evidently does not dispute that he satisfies it. The Plaintiff sums up by claiming that "[t]he record provides persuasive proof of disability and remand for further evidentiary proceedings would serve no useful purpose." (*Id.* at 24.)

The Court disagrees that there is "persuasive proof of disability," particularly on the second element. For example, with respect to "understanding, remembering or applying information," the ALJ noted that the Plaintiff often presented with "normal speech, logical and organized thoughts, intact cognition, and . . . normal concentration." (R. 1279-80.) The Plaintiff responds that he had "many ups and downs," and that the ALJ should not have focused exclusively on his "good days" and ignored the "bad days." (ECF No. 15-1, at 12.) With respect to "adapting or managing oneself," the ALJ observed that the Plaintiff "largely had no problem performing personal care tasks" and "could manage appointments" (R. 1281), while the Plaintiff rejoins that he "does have problems performing personal tasks and managing appointments: but for reminders, performance might not occur." (ECF No. 15-1, at 16.) The Plaintiff may ultimately prove to be right on these points, but these are not the sort of disputes that can only have one outcome on

remand. To the contrary, they are the sorts of disagreements that may be informed by the expert functional limitation inquiry that the ALJ was ordered to, but did not, obtain.

In sum, there is an obvious gap in the record that precludes the Court from finding that the Plaintiff is presumptively disabled. *See*, *e.g.*, *Wood v. Colvin*, 987 F. Supp. 2d 180, 195 (N.D.N.Y. 2013) ("The present record, however, does not conclusively establish that Wood's impairment met or medically equaled the criteria of section 9.08 such that 'further evidentiary proceedings would serve no purpose.'") (quoting *Parker*, 626 F.2d at 235). Stated differently, the record does not demand an inference that the missing evidence would fail to support the Commissioner's decision. *Rosa*, 168 F.3d at 83 ("[W]here this Court has had no apparent basis to conclude that a more complete record might support the Commissioner's decision, we have opted simply to remand for a calculation of benefits."). Therefore, the Court orders that this matter be remanded for further proceedings to obtain evidence from a medical expert as to the Plaintiff's functional limitations. The Plaintiff's additional arguments as to the ALJ's errors in evaluating the requirements of §12.05B need not be addressed in light of the Court's findings as to § 12.05B.2.

### c. Remaining Arguments

Because the Court is remanding this matter for further development of the record, it does not reach the Plaintiff's remaining arguments. The Court declines to address the plaintiff's remaining arguments because "upon remand and after a *de novo* hearing, [the ALJ] shall review this matter in its entirety." *Faussett v. Saul*, No. 3:18-CV-738 (MPS), 2020 WL 57537, at *5 (D. Conn. Jan. 6, 2020) (internal quotation marks omitted); *see also Delgado v. Berryhill*, No. 3:17-CV-0054 (JCH), 2018 WL 1316198, at *19 (D. Conn. Mar. 14, 2018) (holding that because the case is "already being remanded for other reasons," and "because [the Plaintiff's] RFC may change

after full development of the record," the ALJ is likely to need to reconsider the other steps in the five-step analysis).

On remand, and after further development of the record and a new hearing, the ALJ shall consider the other claims of error not discussed in this decision. *Pacheco v. Saul*, No. 3:19-CV-00987 (WIG), 2020 WL 113702, at *8 (D. Conn. Jan. 10, 2020) ("On remand, the Commissioner will address the other claims of error not discussed herein."); *see also Moreau*, 2018 WL 1316197, at *4 ("Because the court finds that the ALJ failed to develop the record, it also suggests that the ALJ revisit the other issues on remand, without finding it necessary to reach whether such arguments would themselves constitute legal error justifying remand on their own.").

Finally, the Court is constrained to reject the Plaintiff's argument that the Commissioner's various delays are, on their own, sufficient ground to order an award of benefits. (ECF No. 15-1, at 23-24.) While the Court acknowledges the Plaintiff's concerns, the Court of Appeals has held that 'absent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits." *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996). The Plaintiff cites *Torres v. Colvin*, No. 3:16-CV-00809 (JAM), 2017 WL 1734020 (D. Conn. May 3, 2017) for the proposition that the "Commissioner does not deserve a third opportunity to carry her burden." (ECF No. 15-1, at 24.) But *Torres* is distinguishable because in that case, the claimant had met his burdens at Steps One through Four and the Commissioner was seeking a third chance to meet her burden at Step Five. *Id.* at *1, 4. In this case, the Plaintiff's satisfaction of his Step Three burden is still in dispute. It therefore cannot be said that there has been "a finding that the claimant [is] actually disabled," and accordingly the rule of *Bush v. Shalala* constrains the Court to reject this argument.

## IV.   CONCLUSION AND REMAND ORDER

For the reasons stated, Plaintiff's motion to reverse with an order for calculation of benefits is **DENIED**, but his alternative motion to reverse and remand for a new hearing is **GRANTED**. The Commissioner's motion to affirm is **DENIED**.  The Commissioner's decision is **VACATED** and **REMANDED** for proceedings consistent with this decision.

In light of the Court's findings above, it need not reach the merits of Plaintiff's other arguments.  Therefore, this matter is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.  On remand, the Commissioner shall address the other claims of error not ruled upon herein.   Additionally, this matter shall be assigned to a new ALJ. HALLEX I-3-7-40B.  The new ALJ is ordered to comply with the terms of the August 22, 2018 Appeals Council remand order, which are hereby incorporated into this order.  20 C.F.R. § 416.1477(b).  Because of the nearly seven-year period between this decision and when the Plaintiff initially applied for benefits, the new hearing must occur within 120 days of this order.  *Michaels v. Colvin*, 621 F. App'x 35, 41 (2d Cir. 2015) (summary order) (ordering that further proceedings before the Commissioner take place within 120 days because of eight year delay between application and the Second Circuit decision, when delay was caused in part by the ALJ's failure to obtain evidence from a medical and vocational expert).

This is not a recommended ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure.  Appeals can be made directly to the appropriate United States Court of Appeals from this judgment.  *See* 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c).  The Clerk is directed to enter judgment in favor of the Plaintiff and close this case.

It is so ordered.

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge